FILED

1 | LINDA CLAXTON, State Bar No. 125729
linda.claxton@ogletreedeakins.com
2 | LESLIE E. WALLIS, State Bar No. 128435
leslie.wallis@ogletreedeakins.com
3 | OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4 | 633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
5 | Telephone:  (213) 239-9800
Facsimile:  (213) 239-9045
6 |
7 | Attorneys for Defendant
ADT SECURITY SERVICES, INC.

2008 APR -4  A11 10: 16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MILFORD, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADT SECURITY SERVICES, INC., a Delaware corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.<br><br>**CV08-02236 GPS VBI**<br><br>**NOTICE OF REMOVAL**<br><br>[Filed concurrently with Notice of Related Cases, Certification of Interested Parties, Civil Cover Sheet, Declarations of Leslie E. Wallis, Declaration of Julie Perkinson-Carpenter and Declaration of Barbara Zappulla in Support Thereof] |

6186317_1

1    Defendant ADT Security Services, Inc. ("ADT") or ("Defendant"), hereby
2  removes this action to this Court (1) pursuant to the Class Action Fairness Act, 28
3  U.S.C. §1331(d)(2), and (2) on the basis of diversity jurisdiction pursuant to 28
4  U.S.C. §1332 and § 1441(a), and, in support thereof, state as follows:

5    1.    On or after March 6, 2008, Defendant was served with a copy of a
6  Summons and Complaint styled *JOHN MILFORD, an individual, on behalf of*
7  *himself and others similarly situated, Plaintiff v. ADT SECURITY SERVICES, INC.,*
8  *a Delaware corporation and Does 1 through 50, inclusive, Defendants, No.*
9  *BC386460 in the Superior Court of California, County of Los Angeles.* A copy of
10  each of the foregoing Summons and Complaint and the Notice of Court Order
11  Deeming Case Non-Complex and assignment of case is attached to the Notice of
12  Removal as Exhibit A.  Those documents constituted all pleadings, process and other
13  documents Defendant has received in this action.  These documents were the initial
14  pleadings received by Defendant setting forth the claims upon which such action is
15  based and assigning a judge.  On April 2, 2008, Defendant filed its answer in state
16  court.  A copy of the answer is attached hereto as Exhibit "B."

17    2.    The above-styled suit is a civil action for money damages in which
18  Plaintiff alleges, *inter alia*, that Defendant failed to pay wages, breached its contract
19  with Plaintiff, violated California Labor Code §226(a) for providing improper wage
20  statements, violated California Labor Code §2802(a) for failure to reimburse
21  expenses, for penalties pursuant to California Labor Code §203, that Defendant
22  violated California Business and Professions Code §§17200 et seq. and finally, for
23  an accounting.

24    3.    Plaintiff was at all times relevant to this action and is a citizen of the
25  State of California. He resides in and was employed in California.(Complaint ¶ 8;
26  Declaration of Julie Perkinson-Carpenter ("Perkinson" Dec. at ¶3.)

27    4.    Defendant ADT Security Services, Inc. was at the time this matter was
28  filed and has remained at all times relevant to this action incorporated under the laws

1  of the State of Delaware with its principal place of business in Boca Raton, Florida.

2  (Declaration of Barbara Zappulla ¶ 2.)

3  **Plaintiff's Individual Claims Permit Removal on the Basis of Diversity**

4  8.  The amount in controversy exceeds the requisite $75,000, exclusive of

5  interests and costs.  Plaintiff seeks damages for economic losses including unpaid

6  wages, penalties, general damages, special damages, consequential and incidental

7  losses and damages, and attorneys fees. *See* Complaint ¶ ¶ 36, 42, 46, 50, 54, 63-

8  64, 68-69, and Prayer for Relief.  Based on the allegations in the complaint,

   Defendant estimates that the amount of unpaid wages and penalties Plaintiff John

9  Milford is claiming totals at least $20,370, exclusive of attorneys fees which are

10  then added to determine whether the jurisdictional threshold has been met.

11  9.  As set forth in the  Perkinson Declaration filed concurrently with the

12  Notice of Removal at ¶2, Plaintiff's earnings for the approximately five month

13  period during which he was employed by Defendant was approximately $34,529.

14  Plaintiff also was entitled to certain employment benefits. Id. His employment

15  began on December 18, 2006 and was terminated on or about May 7, 2007.  Id.

16  10.  Plaintiff alleges that he is owed unpaid commissions.  Plaintiff does not

17  indicate the extent to which was allegedly underpaid, however, his total earnings

18  were based on commissions.  Assuming that he was underpaid by approximately

19  twenty pereent, his claim for unpaid commissions would be $6,800 (based on his

20  total earnings), plus interest, attorneys fees and costs.

21  11.  In addition to the wages listed above, Plaintiff contends that he is owed

22  waiting time penalties and penalties for incorrect pay statements.  Pursuant to the

23  Plaintiff's allegations, the waiting time penalties would total at least $10,570 (30

24  days wages at $352/day (approximately 98 working days between 12/18/06 and

25  5/7/08) or $34,529 divided by 98 = $352), for a total of $10,570.00.  Plaintiff next

26  contends that he is entitled to penalties pursuant to Labor Code §226. The maximum

27  penalties for incorrect wage statements is $4,000, pursuant to California Labor Code

28  §226.  Plaintiff alleges he is entitled to recover the greater of all actual damages or

1   fifty dollars ($50) for the initial pay period and one hundred dollars ($100) for each
2   violation in a subsequent pay period, not to exceed an aggregate penalty of four
3   thousand dollars ($4,000). Plaintiff was paid on a weekly basis. Therefore, for the
4   approximately 20 weeks he was employed, he would allegedly be owed $2,000.
5   These penalties therefore total at least an additional $12,570. Thus, the total amount
6   of unpaid wages and penalties Plaintiff contends he is owed totals approximately
7   $19,370. Plaintiff also contends that he is entitled to unreimbursed business
8   expenses although he does not describe the amount he is owed. Assuming he claims
9   he is owed an additional $100/month in automobile expenses and $100/month for
    the cell phone expenses, this would amount to an additional $1000 for a total of
10  $20,370. This amount is exclusive of attorneys' fees which are also considered in
11  determining whether the jurisdictional threshold has been met.
12  **The Case is Removable Pursuant to the Class Action Fairness Act ("CAFA")**
13      13.   In this action, Plaintiff seeks to represent a class comprised of and
14  defined as "All persons who are employed or have been employed as sales
15  representatives by defendants in the State of California and for at least four (4) years
16  prior to the filing of this lawsuit." (Complaint at ¶ 21)
17      14.   Under CAFA, the Federal District Court has jurisdiction if:
18              (a)  there are at least 100 class members in all proposed plaintiff
19  classes; and
20              (b) the combined claims of all class members exceed $5 million
21  exclusive of interest and costs; and
22              (c)  any class member (named or not) is a citizen of a different state
23  than any defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).
24      15.   The proposed class members are citizens of the state in which the
25  action was originally filed. However the defendant is not a citizen of California, as
26  noted above at paragraph 4 and below at paragraph 25.
27      16.   Based on Plaintiff's allegations in the complaint, the aggregate value of
28  the claims of the proposed class exceeds the $5 million threshold under the Class

1   Action Fairness Act.  The $5 million jurisdictional minimum may be based on

2   aggregation of the claims of all potential class members.  28 U.S.C. 1132(d)(6).

3        17.    Defendant employs approximately 1,686 sales representatives in

4   California.  (Perkinson Dec. at ¶4)  In addition, in the past four years (the period for

5   which Plaintiff contends the class would apply) approximately 1,213 employees

6   have terminated their employment with Defendant.  Id at ¶3.  Therefore, there are

7   significantly more than 100 class members in the proposed plaintiff class.  (See also,

8   Complaint at ¶ 20(a).)

9       18.   Using Plaintiff's earnings as the basis for calculation (and many

10   employees earned far more on an average monthly basis than did Plaintiff)

11   (Perkinson Dec. at ¶3), the alleged commission loss at twenty percent for each

12   month would be $1,380/month or an annual loss of $16,560.  This claim has an

13   alleged value of over $7,800,000 (473 sales representatives x $16,650) per year or

14   over $31 million over the claimed four year period.

15        19.    The value of the claim for statutory penalties for purported class

16   members who have left Defendant's employ is calculated at a rate of approximately

17   $352 per day times thirty days for each such employee or a total of $10,570.  This

18   portion of the alleged claim is calculated as follows: $10,570 x 1,213 former sales

19   representatives for a total of an additional $1.28 million.  Plaintiff also seeks

20   penalties under Labor Code §226 which would result in a maximum penalty per

21   year of $4,000 per employee.  Even considering only the current number of

22   employees, these penalties could amount to approximately $1,900,000 ($4,000 x

23   473 current sales representatives).  In addition Plaintiff seeks attorneys' fees on

24   behalf of the class.  The total of all of these alleged damages establishes a

25   reasonable probability that plaintiff's claim is for more than $5 million, exclusive of

26   costs and interest.  Based on the foregoing, this action is removable under the Class

27   Action Fairness Act, 28 U.S.C. 1132(d)(2).

28        20.    The types of damage allegations found in this case have been held
    sufficient to satisfy the amount in controversy.  See e.g., Yates v. Nimeh, 486

1  F.Supp.2d 1084 (N.D. CA. 2007);  Richmond v. Allstate Insurance, Co., 1897
2  F.Supp 447 (S.D. Cal. 1995)  (including attorneys' fees, emotional distress damages
3  and punitive damages in calculating the amount in controversy, even though
4  plaintiffs appeared to have voluntarily limited their request for punitive damages to
5  $10,000 per class member).  In this case, plaintiff has not limited his claims for
6  attorneys fees which are generally significantly above the jurisdictional threshold.

**This Court has Jurisdiction Over This Matter**

7

8      23.    This court has jurisdiction over the case based on diversity jurisdiction
9  pursuant to 28 U.S.C. §§ 1332 (a) and (d) and  1441(a).  Plaintiff's individual claims
10 permit removal on the basis of complete diversity and the amount in controversy
11 pursuant to 28 U.S.C. §1332(a). The case is also removable pursuant to the Class
12 Action Fairness Act ("CAFA") if **any** class member (named or not) is a citizen of a
13 different state than any defendant.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).
14 In this case, the named defendant is diverse from all of the Plaintiffs.

15     24.    Initially, the corporate defendant is registered to do business in
16 California.  However, for diversity purposes, ADT Security Services, Inc.is a
17 resident of the states of Delaware and Florida.  As indicated by the Secretary of State
18 records attached to the Declaration of Leslie E. Wallis attached to the Response to
19 the Order to Show Cause as Exhibit "1,"  ADT Security Services, Inc. is
20 incorporated in Delaware and has its principal addresses and place of business in
21 Boca Raton, Florida.  Plaintiff, John Milford is a citizen of the state of California.
22 (See complaint at ¶3 - " Plaintiff JOHN MILFORD. is a resident of Los Angeles
23 County, California.").  For purposes of CAFA this court need only find that there is
24 diversity between a Plaintiff and the named defendant.

**Citizenship of ADT Security Services, Inc.**

25

26     25.    The Defendant's activities are centralized in Florida.   ADT is owned by
27 ADT General Holdings, Inc. which is incorporated in Delaware and has its principal
28 place of business in Boca Raton, FL..Declaration of Barbara Zappulla, ("Zappulla

6186317_1

1 Dec." at ¶¶2,3.) It is qualified to do business in fifty states. Id at ¶4. ADT Security

2 Services has its corporate offices in Boca Raton, FL, where it employs individuals

3 who perform general administrative functions including, legal, tax and benefits

4 (Zappulla Dec. ¶13)  It employs more sales representatives in Florida than in

5 California. (Perkinson Dec. ¶5) ADT's payroll function accounts receivable and

6 payable are not located in CA. (Zappulla Dec. ¶¶11,12.) The offices of its CEO are

7 located in Boca Raton, FL, as are its Corporate Headquarters. ( Zappulla Dec. ¶¶

8 11,12)  It makes its purchases from Boca Raton, FL.  (Zappulla Dec. ¶¶ 5,6)

9        **Legal Standard if Corporation Conducts Business in Multiple**

10       **Jurisdictions**

11       28.     Under Ninth Circuit case law, if a corporation conducts substantial

12 portions of its business in more than one states the court cannot determine the

13 corporation citizenship simply by looking at the fact that the corporation conducts

14 business in a particular state. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d

15 1090, 1093 (9th Cir. 1990).  In addition, if there is no state in which a substantial

16 predominance of a corporation's business occurs, the state where the corporate

17 headquarters are located is the corporation's principal place of business. Id. In this

18 case a substantial predominance of the business occurs in Florida.  Other states,

19 including Florida, Colorado and Massachussetts have more contact with corporate

20 activities than does California. (Zappulla Dec. ¶¶ 6-13) Thus, ADT's principal

21 place of business is Florida, it is incorporated in Delaware and there is diversity

22 between the Plaintiff and Defendant.

23       29.     While there is complete diversity as required under 28 USC §1332(d),

24 there need only be diversity between one putative class member and any defendant

25 pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B),

26 1453(a).

27       30.     This Court, therefore, has original jurisdiction over Plaintiff's claims

28 by virtue of the Class Action Fairness Act 28 U.S.C. §1331(d)(2), and by virtue of

6186317_1

1  diversity of citizenship and satisfaction of the amount in controversy requirement of

2  28 U.S.C. §1332. This action is thus properly removable to federal court pursuant

3  to 28 U.S.C. §1332 and §1441(a).

4      31.   Defendant's Notice of Removal was filed within 30 days after the

5  initial receipt by Defendant ADT on March 6, 2008 of a copy of Plaintiff's

6  Complaint in accordance with 28 U.S.C. §1446(b).

7      32.   The Superior Court of California, Los Angeles, County is located within

8  the Central District of California. Therefore, venue is proper in this Court pursuant

9  to 28 U.S.C. 84(a) because it is the "district and division embracing the place where

   such action is pending." 28 U.S.C.§ 114(a).

10     33.   All named and existing defendants join in consenting to this removal.

11     34.   Pursuant to 28 U.S.C. §1446(d), Defendant gives written notice of the

12  removal of this action to all parties and is filing a copy of that Notice with the

13  Superior Court of California, County of Los Angeles.

14

15     WHEREFORE, Defendant respectfully removes this action from the Superior

16  Court of Los Angeles County, bearing docket number BC386460, to this Court.

17

18  DATED: April 3, 2008                OGLETREE, DEAKINS, NASH, SMOAK

19                                       & STEWART, P.C.

20

21

22                                       By: _____

23                                              Leslie E. Wallis
                                         Attorney for Defendant
                                         ADT SECURITY SERVICES, INC..

24

25

26

27

28

6186317_1

**EXHIBIT A**

1  ORSHANSKY & YEREMIAN LLP
   Anthony J. Orshansky, Cal. Bar No. 199364
2  David H. Yeremian, Cal. Bar No. 226337
   9401 Wilshire Boulevard, Suite 900
3  Beverly Hills, California 90212
   Telephone: (310) 277-9945
4  Facsimile: (310) 277-9946

5  Attorneys for Plaintiff
   JOHN MILFORD, an individual, on behalf of himself
6  and others similarly situated

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 29 2008

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  JOHN MILFORD, an individual, on      Case No. _____  BC386460
    behalf of himself and others similarly
12  situated,                            CLASS ACTION COMPLAINT FOR:

13              Plaintiffs,              1. Failure to Pay Wages

14       v.                             2. Breach of Contract

15  ADT SECURITY SERVICES, INC., a      3. Violation of Labor Code § 226(a)
    Delaware corporation; and DOES 1
16  through 50 inclusive,               4. Reimbursement of Necessary
                                           Expenditures Under Labor Code §
17              Defendants.                2802(a)

18                                      5. Penalties Pursuant to Labor Code §
                                           203
19
                                        6. Violation of Business & Professions
20                                         Code § 17200

21                                      7. Accounting

22                                      **DEMAND FOR JURY TRIAL**

23  ///

24  ///

25  ///

26  ///

27  ///

28

                     CLASS ACTION COMPLAINT

1   Plaintiff JOHN MILFORD ("Plaintiff") on behalf of himself and all others

2   similarly situated complains of defendants, and each of them, as follows:

3                                **I. INTRODUCTION**

4            1.     This is a Class Action, pursuant to Code of Civil Procedure § 382, on

5   behalf of Plaintiff and all individuals who hold or held the position of sales

6   representatives, who are employed by, or formerly employed by ADT SECURITY

7   SERVICES, INC., and any subsidiaries or affiliated companies (hereinafter referred to

8   collectively as "defendants") within the State of California.

9            2.     For a period of at least four (4) years prior to the filing of this action,

10  and continuing to the present date, defendants have had a consistent policy of failing to

11  pay full and adequate commissions to sales representatives.

12           3.     From at least four (4) years prior to the filing of this action and

13  continuing to the present, defendants have had a consistent policy of failing to provide

14  sales representatives with timely, accurate, and itemized wage statements, as required by

15  California law.

16           4.     From at least four (4) years prior to the filing of this action and

17  continuing to the present, defendants have had a consistent policy of failing to fully

18  reimburse sales representatives for necessary expenditures incurred in direct consequence

19  of the discharge of their duties for defendants, as required by California law.

20           5.     Plaintiff, on behalf of himself and all proposed class members, brings

21  this action pursuant to Labor Code §§ 201, 202, 203, 204, 226, and 2802.

22           6.     Plaintiff, on behalf of himself and all proposed class members,

23  pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief,

24  restitution and disgorgement of all benefits defendants enjoyed from their failure to pay

25  full and adequate commissions and failure to reimburse for necessary business expenses.

26           7.     Venue as to each defendant is proper in this judicial district, pursuant

27  to Code of Civil Procedure § 395. Defendants provide electronic security systems and

28  services throughout Los Angeles County, California. The unlawful acts alleged herein

1   have a direct effect on Plaintiff and other sales representatives employed by defendants

2   within the State of California.

3                                                II. PARTIES

4   A.     **Plaintiffs**

5                  8.     Plaintiff JOHN MILFORD is a resident of Los Angeles County,

6   California.

7                  9.     Compensation for Plaintiff and members of the proposed class was

8   commission based, with the specific terms of said commissions established and set forth

9   in written guidelines provided by defendants.  Plaintiff and members of the proposed class

10  were not paid full and adequate commissions.

11                 10.    Defendants knowingly and intentionally failed to provide timely,

12  accurate, and itemized wage statements to Plaintiff and members of the proposed class.

13                 11.    Defendants knowingly and intentionally failed to fully indemnify

14  Plaintiff and members of the proposed class for necessary and required business

15  expenditures incurred by them in the scope of their employment.

16                 12.    Defendants willfully failed to compensate former employees who

17  belong to the proposed class for wages at the termination of their employment with

18  defendants.

19  B.     **Defendants**

20                 13.    Defendant ADT SECURITY SERVICES, INC., is a Delaware

21  corporation.   The corporation's mailing address is One Town Center Road, Boca Raton,

22  Florida, 33486.  Defendants operate out of several locations in Los Angeles County,

23  California.  Defendants employed Plaintiff and similarly situated persons as sales

24  representatives within California.

25                 14.    The true names and capacities, whether individual, corporate,

26  associate, or otherwise, of defendants sued herein as DOES 1 to 50, inclusive, are

27  currently unknown to Plaintiff, who therefore sues defendants by such fictitious names

28  under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based

                                                3

1   thereon alleges, that each of the defendants designated herein as a DOE is legally

2   responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek

3   leave of court to amend this Complaint to reflect the true names and capacities of the

4   defendants designated hereinafter as DOES when such identities become known.

5         15.   Plaintiff is informed and believes, and based thereon alleges, that

6   each defendant acted in all respects pertinent to this action as the agent of the other

7   defendants, carried out a joint scheme, business plan or policy in all respects pertinent

8   hereto, and the acts of each defendant are legally attributable to the other defendants.

9   Furthermore, defendants in all respects acted as the employers and/or joint employers of

10   the Plaintiff and members of the proposed class.

11                   **III. FACTUAL BACKGROUND**

12         16.   Plaintiff and members of the proposed class are, and at all times

13   pertinent hereto, were employed by defendants as sales representatives responsible for

14   sales of electronic security systems and services.

15         17.   Defendants knowingly and intentionally failed to pay Plaintiff and

16   members of the proposed class full and adequate commissions pursuant to defendants'

17   own commission formula. Plaintiff and members of the proposed class were paid

18   commissions based on percentage of sales. Defendants regularly rounded down the

19   amount of commissions paid to Plaintiff and members of the proposed class in

20   defendants' favor.

21         18.   Defendants knowingly and intentionally failed to provide Plaintiff

22   and members of the proposed class with timely, accurate, and itemized wage statements.

23         19.   Defendants knowingly and intentionally failed to fully indemnify

24   Plaintiff and members of the proposed class for necessary and required business

25   expenditures, including expenses associated with the use of personal vehicles and cellular

26   phones, incurred by them in the scope of their employment.

27   ///

28   ///

1    20.    Defendants willfully failed to compensate former employees who

2  belong to the proposed class for wages at the termination of their employment with

3  defendants.

4                    **IV. CLASS ACTION ALLEGATIONS**

5    21.    Plaintiff brings this action on behalf of himself and all others

6  similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

7  Plaintiff seeks to represent four (4) sub-classes composed of and defined as follows:

8    (a)    All persons who are employed or have been employed as sales

9  representatives by defendants in the State of California and for at least four (4) years prior

10  to the filing of this lawsuit have not been paid full and adequate commissions.

11    (b)    All persons who are employed or have been employed as sales

12  representatives by defendants in the State of California and for at least four (4) years prior

13  to the filing of this lawsuit have not been provided with timely, accurate, and itemized

14  wage statements.

15    (c)    All persons who are employed or have been employed as sales

16  representatives by defendants in the State of California and for at least four (4) years prior

17  to the filing of this lawsuit have not been fully reimbursed for necessary and required

18  business expenditures incurred by them in the scope of their employment.

19    (d)    All persons who are employed or have been employed as sales

20  representatives by defendants in the State of California and for at least four (4) years prior

21  to the filing of this action have not been paid wages pursuant to Labor Code § 203.

22    Plaintiff reserves the right under California Rule of Court 3.765 to amend or

23  modify the class description with greater specificity or further division into subclasses or

24  limitation to particular issues.

25    22.    This action has been brought and may properly be maintained as a

26  class action under the provisions of Code of Civil Procedure § 382 because there is a well-

27  defined community of interest in the litigation and the proposed class is easily

28  ascertainable.

A.   **Numerosity**

23.    The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable.  While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that defendants currently employ, and during the relevant time periods employed, over 300 sales representatives.

24.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges defendants' employment records will provide information as to the number and location of all proposed class members.

B.   **Commonality**

25.    There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

(1)    Whether defendants failed to pay employees all commissions earned;

(2)    Whether defendants violated Labor Code § 2802 by failing to reimburse employees for necessary expenditures incurred in the course of their employment;

(3)    Whether defendants violated Labor Code §§ 201-203 by failing to pay wages and compensation due and owing at the time of termination;

(4)    Whether defendants violated Labor Code § 226(a);

(5)    Whether defendants violated Business & Professions Code § 17200 et seq. by failing to provide wages to employees; and

(6)    Whether Plaintiff and members of the proposed class are entitled to equitable relief pursuant to Business & Professions Code § 17200 et seq.

C.   **Typicality**

26.    The claims of the named Plaintiff are typical of the claims of the proposed class.  Plaintiff and all members of the proposed class sustained injuries and

CLASS ACTION COMPLAINT

1   damages arising out of and caused by defendants' common course of conduct in violation

2   of statutes, as well as regulations that have the force and effect of law, as alleged herein.

3   **D.   Adequacy of Representation**

4          27.   Plaintiff will fairly and adequately represent and protect the interests

5   of members of the proposed class. Counsel who represents Plaintiff and members of the

6   proposed class is experienced and competent in litigating employment class actions.

7   **E.   Superiority of Class Action**

8          28.   A class action is superior to other available means for the fair and

9   efficient adjudication of this controversy. Individual joinder of all proposed class

10  members is not practicable, and questions of law and fact common to the proposed class

11  predominate over any questions affecting only individual members of the proposed class.

12  Each member of the proposed class has been damaged and is entitled to recovery by

13  reason of defendants' illegal policies and/or practices of failing to full and adequate

14  compensation.

15         29.   Class action treatment will allow those similarly situated persons to

16  litigate their claims in the manner that is most efficient and economical for the parties and

17  the judicial system. Plaintiff is unaware of any difficulties in managing this case which

18  should preclude class action.

19                  **V. FIRST CAUSE OF ACTION**

20                  **FAILURE TO PAY WAGES**

21                  **(Against All Defendants)**

22         30.   Plaintiff incorporates paragraphs 1 through 29 as though fully set

23  forth herein.

24         31.   Pursuant to California Labor Code § 200 "wages" includes all

25  amounts for labor performed by employees of every description, whether the amount is

26  fixed or ascertained by the standard of time, task, piece, commission basis, or other

27  method of calculation.

28  ///

32. Defendants regularly and consistently rounded down sales figures upon which commissions are based.

33. Defendants' failure to pay wages in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages be paid in semimonthly payments.  From at least four (4) years prior to the filing of this action and continuing to the present, in direct violation of that provision of the California Labor Code, defendants have failed to pay wages earned by Plaintiff and members of the proposed class.  Each such failure to make a timely payment of wages to Plaintiff and members of the proposed class constitutes a separate violation of California Labor Code § 204.

34. Defendants' violations of California Labor Code § 204 were repeated, willful, and intentional.

35. Plaintiff and members of the proposed class have been damaged by violations of California Labor Code § 204.

36. Pursuant to California Labor Code § 204, defendants are liable to Plaintiff and members of the proposed class for the full amount of all their unpaid compensation with interest, plus their reasonable attorneys' fees and costs.

## VI. SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

### (Against All Defendants)

37. Plaintiff incorporate paragraphs 1 through 36 as though fully set forth herein.

///

///

///

///

///

///

///

8

CLASS ACTION COMPLAINT

38.     As sales representatives employed by ADT SECURITY SERVICES, INC., Plaintiff and members of the proposed class are entitled to a percentage of the revenue they generated from sales of electronic security systems and services—commission amounts specifically defined in written compensation agreements agreed to by defendants and Plaintiff and members of the proposed class.  Commissions are an essential term forming the basis of Plaintiff's and proposed class members' compensation within their employment agreements with ADT SECURITY SERVICES, INC.

39.     The amount and manner in which commissions are calculated ultimately affects Plaintiff's and proposed class members' take-home pay.  Commissions are essential consideration in Plaintiff's and proposed class members' decision to be employed by defendants.

40.     Plaintiff is informed and believes, and alleges thereon, that ADT SECURITY SERVICES, INC. refused to comply with it's own written compensation guidelines by failing to pay Plaintiff and members of the proposed class full and adequate compensation in accordance with the payment standards established by it and agreed to by Plaintiff and members of the proposed class members.  Plaintiff is further informed and believes, and alleges thereon, that ADT SECURITY SERVICES, INC.'s wrongful conduct in refusing to compensate Plaintiff and members of the proposed class in accordance with it's own written standards, and as agreed to by Plaintiff and the members of proposed class, has continued at all times relevant to this complaint, and continues to this date.

41.     Plaintiff and members of the proposed class have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the written compensation guidelines.

42.     As a proximate result of defendants' wrongful conduct as alleged herein, Plaintiff and members of the proposed class have been damaged, and continue to be damaged by ADT SECURITY SERVICES, INC.'s conduct in that they have not received the compensation they are entitled to for the work performed by them, as set

9

1  forth in the written compensation standards and as agreed to by Plaintiff and members of

2  the proposed class.

### VII. THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

#### (Against All Defendants)

6       43.   Plaintiff incorporates paragraphs 1 through 42 as though fully set

7  forth herein.

8       44.   California Labor Code § 226(a) requires an employer to furnish each

9  of its employees with an accurate itemized statement in writing showing the gross and net

10  wages earned. These statements must be appended to the detachable part of the check,

11  draft, voucher, or whatever else serves to pay his wages; or, if wages are paid by cash or

12.  personal check, they may be given to the employee separately from the payment of wages.

13  In either case the employer must give the employee these statements twice a month or

14  each time wages are paid.

15       45.   Defendants failed to provide Plaintiff and members of the proposed

16  class with accurate itemized wage statements.

17       46.   Pursuant to Labor Code §§ 226(a) and 226(e), Plaintiff and members

18  of the proposed class are entitled to recover the greater of all actual damages or fifty

19  dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars

20  ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty

21  of four thousand dollars ($4,000), and are entitled to an award of costs and reasonable

22  attorneys' fees.

### VIII. FOURTH CAUSE OF ACTION

### REIMBURSEMENT OF NECESSARY EXPENDITURES

#### (Against All Defendants)

26       47.   Plaintiff incorporates paragraphs 1 through 46 as though fully set

27  forth herein.

28  ///

10
CLASS ACTION COMPLAINT

1        48.    Under Labor Code § 2802(a), an employer must indemnify its

2    employees for all necessary expenditures or losses incurred by the employee in direct

3    consequence of the discharge of his duties, or of his obedience to the directions of the

4    employer.

5        49.    Plaintiff and members of the proposed class incurred necessary

6    expenditures associated with the use of personal vehicles and cellular phones in the course

7    of their employment for which they were not fully reimbursed by defendants.

8        50.    As a result of the unlawful acts of defendants, Plaintiff and members

9    of the proposed class have been deprived of reimbursement in amounts to be determined

10   at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon,

11   attorneys' fees, and costs.

12   IX. FIFTH CAUSE OF ACTION

13   PENALTIES PURSUANT TO LABOR CODE § 203

14   (Against All Defendants)

15       51.    Plaintiff incorporates paragraphs 1 through 50 as though fully set

16   forth herein.

17       52.    Numerous members of the proposed class are no longer employed by

18   defendants. They were either fired or quit defendants' employ.

19       53.    Defendants failed to pay employees a sum certain at the time of

20   termination or within seventy-two (72) hours of their resignation.

21       54.    Defendants' failure to pay wages, as alleged above, was willful in

22   that each defendant knew wages to be due but failed to pay them; this violation entitles the

23   proposed class to penalties under Labor Code § 203, which provides that an employee's

24   wages shall continue as a penalty until paid for a period of up to thirty (30) days from the

25   date they were due.

26   ///

27   ///

28   ///

11
CLASS ACTION COMPLAINT

## X. SIXTH CAUSE OF ACTION

### VIOLATION OF <u>BUSINESS & PROFESSIONS CODE § 17200</u>

#### (Against All Defendants)

55.    Plaintiff incorporates paragraphs 1 through 54 as though fully set forth herein.

56.    This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. JOHN MILFORD on his own behalf and on behalf of the general public, and on behalf of others similarly situated, bring this claim pursuant to <u>Business & Professions Code § 17200 et seq.</u> The conduct of all defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the proposed class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure §1021.5</u>.

57.    Plaintiff is a "person" within the meaning of <u>Business & Professions Code § 17204</u> and has suffered injury and, therefore, has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

58.    <u>Business & Profession Code § 17200 et seq.</u> prohibits unlawful and unfair business practices.

59.    Wage and hour laws express fundamental public policies. Paying wages and providing reimbursement for necessary business expenses are fundamental public policies of this State and of the United States. <u>Labor Code § 90.5(a)</u> articulates the public policies of this State to vigorously enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

60.    Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of <u>Business &</u>

12

1  Profession Code § 17200 et seq.; which conduct has deprived Plaintiff, and all persons

2  similarly situated, and all interested persons, of the rights, benefits, and privileges

3  guaranteed to all employees under law.

4        61.    Defendants' conduct, as alleged hereinabove, constitutes unfair

5  competition in violation of the Business & Professions Code § 17200 et. seq.

6        62.    Defendants, by engaging in the conduct herein alleged, either knew

7  or, in the exercise of reasonable care, should have known that their conduct was unlawful;

8  therefore their conduct violates the Business & Professions Code §.17200 et. seq.

9        63.    As a proximate result of the above-mentioned acts of defendants,

10  Plaintiff and others similarly situated have been damaged, in a sum to be proven at trial.

11        64.    Unless restrained by this Court, defendants will continue to engage

12  in such unlawful conduct as alleged above.  Pursuant to the Business & Professions Code

13  this Court should make such orders or judgments, including the appointment of a receiver,

14  as may be necessary to prevent the use or employment, by defendants, their agents or

15  employees, of any unlawful or deceptive practice prohibited by the Business &

16  Professions Code and/or including but not limited to the disgorgement of such profits that

17  may be necessary to restore Plaintiff and members of the proposed class to the money

18  defendants have unlawfully failed to pay.

19                  **XI. SEVENTH CAUSE OF ACTION**

20                            **ACCOUNTING**

21                  **(Against All Defendants)**

22        65.    Plaintiff incorporates paragraphs 1 through 64 as though fully set

23  forth herein.

24        66.    Plaintiff and members of the proposed class are owed wages not paid

25  by defendants to them, statutory interest on such compensation, and waiting time penalties

26  owed to members of the proposed class whose employment has terminated.

27        67.    Plaintiff does not know the precise amount of compensation due to

28  Plaintiff and each member of the proposed class.  Upon information and belief, Plaintiff

1   alleges that defendants possess records from which the amount of compensation due and

2   owing to Plaintiff and each member of the proposed class can be determined.

3          68.    The amount of statutory interest and penalties owed to Plaintiff and

4   each member of the proposed class is based upon the compensation owed by defendants.

5   This amount can only be determined by an accounting of books and records in the

6   possession of defendants.

7          69.    Because it is impossible for the Plaintiff to determine the exact

8   amount of money due to Plaintiff and members of the proposed class without a detailed

9   review of defendants' books and records and/or discovery in this action, Plaintiff seeks,

10  among other things, an accounting of books and records in the possession of defendants

11  and/or the appointment of a receiver to determine the compensation owed to Plaintiff and

12  members of the proposed class.

13                          **RELIEF REQUESTED**

14      WHEREFORE, Plaintiff prays for the following relief:

15          1.     For wages in an amount according to proof, with interest thereon

16  from at least four (4) years prior to the filing of this action to the present, as may be

17  proven for Plaintiff and members of the class;

18          2.     For compensatory damages in the amount of Plaintiff's and each

19  class members' costs for necessary business expenditures that were not reimbursed from

20  at least four (4) years prior to the filing of this action to the present, as may be proven;

21          3.     For penalties pursuant to <u>Labor Code § 226(e)</u> for Plaintiff and

22  members of the class, as may be proven;

23          4.     For penalties pursuant to <u>Labor Code § 203</u> for all employees who

24  quit or were fired equal to their daily wage times thirty (30) days, as may be proven;

25          5.     An award of pre-judgment and post-judgment interest;

26  ///

27  ///

28  ///

                              14
                    CLASS ACTION COMPLAINT

1        6.      An order enjoining defendants and their agents, servants, and

2   employees, and all persons acting under, in concert with, or for them, from failing to pay

3   wages and failing to reimburse sales representatives for necessary expenditures as

4   required by law;

5        7.      For restitution for unfair competition pursuant to Business &

6   Professions Code § 17200, including disgorgement or profits, as may be proven;

7        8.      An accounting of books and records in possession of defendants

8   and/or the appointment of a receiver to determine the compensation owed to Plaintiff and

9   members of the class;

10       9.      An award providing for the payment of the costs of this suit;

11       10.     An award of attorneys' fees; and

12       11.     Such other and further relief as this Court may deem proper and just.

13                           **DEMAND FOR JURY TRIAL**

14       Plaintiff hereby demands a trial by jury, to the extent authorized by law.

15   DATED:      February 8, 2008

16

17                               ANTHONY J. ORSHANSKY
                                 DAVID H. YEREMIAN
18                               ORSHANSKY & YEREMIAN LLP

19

20                               By _____
                                    Anthony J. Orshansky
21                                  Attorneys for Plaintiffs

22

23

24

25

26

27

28

                                    15
                          CLASS ACTION COMPLAINT

1   ORSHANSKY & YEREMIAN LLP
    Anthony J. Orshansky, Cal. Bar No. 199364
2   David H. Yeremian, Cal. Bar No. 226337
    9401 Wilshire Boulevard, Suite 900
3   Beverly Hills, California 90212
    Telephone: (310) 277-9945
4   Facsimile: (310) 277-9946

5   Attorneys for Plaintiff
    JOHN MILFORD, an individual, on behalf of himself
6   and others similarly situated

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  JOHN MILFORD, an individual, on          Case No. BC386460  D 18
    behalf of himself and others similarly
12  situated,                                NOTICE OF COURT ORDER
                                             DEEMING CASE NON-COMPLEX
13              Plaintiffs,                   AND ASSIGNMENT OF CASE

14      v.

15  ADT SECURITY SERVICES, INC., a
    Delaware corporation; and DOES 1
16  through 50 inclusive,

17              Defendants.

18       TO ALL PARTIES, AND TO THEIR RESPECTIVE ATTORNEYS OF

19  RECORD:

20       Attached hereto is a copy of the March 11, 2008 Court Order deeming the present

21  matter non-complex.

22       The order also reflects that this case has been reassigned to Judge Helen I. Bendix

23  in Department 18 of the Stanley Mosk Courthouse for all further proceedings.

24  ///

25  ///

26  ///

27  ///

28

                                NOTICE OF COURT ORDER

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 17 2008

BY _____ DEPUTY

1   DATED:    March 14, 2008

2

3                             ANTHONY J. ORSHANSKY

4                             DAVID H. YEREMIAN
                               ORSHANSKY & YEREMIAN LLP

5

6                             By

7                                  Anthony J. Orshansky
                                 Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF COURT ORDER

**EXHIBIT B**

1  LINDA CLAXTON, State Bar No. 125729
   linda.claxton@ogletreedeakins.com
2  LESLIE E. WALLIS, State Bar No. 128435
   leslie.wallis@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   633 West Fifth Street, 53rd Floor
4  Los Angeles, California 90071
   Telephone:   (213) 239-9800
5  Facsimile:   (213) 239-9045
6
   Attorneys for Defendant
7  ADT SECURITY SERVICES, INC.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 2 2008

John A. Clarke, Executive Officer/Clerk
BY RUGENA LOPEZ, Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10

11  JOHN MILFORD, an individual, on behalf of     Case No.: BC 386460
    himself and others similarly situated,
12                                                ANSWER OF DEFENDANT ADT
                   Plaintiff,                     SECURITY SERVICES, INC. TO
13                                                PLAINTIFF'S UNVERIFIED
                                                  COMPLAINT
14         v.
                                                  Dept: 18
15  ADT SECURITY SERVICES, INC., a               Judge: Helen I. Bendix
    Delaware corporation; and DOES 1 through
16  50 inclusive,                                 No Trial Date

17                 Defendants,

18

19

20

21

22

23

24

25

26

27

28

1    Defendant, ADT Security Services, Inc. ("ADT") ("Defendant"), on behalf of itself

2  and no others, hereby submits this answer to Plaintiff John Milford's ("Plaintiff") unverified

3  Complaint ("Complaint") as follows:

4        1.    Pursuant to California Code of Civil Procedure §431.30(d), Defendant

5  generally denies each and every material charging allegation set forth in the Complaint.

6  Defendants specifically deny that they are in any way liable to Plaintiff or that they have

7  acted or failed to act so as to be the legal cause of any damage to Plaintiff.

8                        **AFFIRMATIVE DEFENSES**

9        --As separate, distinct, and affirmative defenses, Defendants allege and aver the

10  following:

11                     **FIRST AFFIRMATIVE DEFENSE**

12                      (Failure to State Cause of Action)

13        2.    The Complaint and each purported cause of action alleged therein do not state

14  facts sufficient to constitute a cause of action against Defendants.

15                   **SECOND AFFIRMATIVE DEFENSE**

16                           (Failure to Mitigate)

17        3.    . Plaintiff is barred from recovering any damages, or any recovery of damages

18  must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate

19  his alleged damages.

20                     **THIRD AFFIRMATIVE DEFENSE**

21             (Failure to State Cause of Action for Attorneys' fees)

22        4.    The Complaint and each purported cause of action contained therein, fails to

23  state a cause of action for attorneys' fees against Defendants.

24                    **FOURTH AFFIRMATIVE DEFENSE**

25                             (Estoppel)

26        5.    To the extent Plaintiff failed to accurately report his hours worked, Plaintiff's

27  claims are barred by the doctrine of equitable estoppel. Each of the purported causes of

28  action set forth in the Complaint is barred in whole or in part, by the doctrine of estoppel, in

1   that inter alia, Plaintiff has unreasonably delayed bringing these claims after having
2   knowledge of the injuries alleged in the Complaint, Plaintiff was properly classified and paid,
3   and through his actions and representations led Defendants to believe that he was properly
4   classified and paid as an exempt employee.

5                                 **FIFTH AFFIRMATIVE DEFENSE**
6                                    (Statute of Limitations)

7          6.    Some of the purported causes of action set forth in the complaint are barred by
8   the applicable statutes of limitation, including, but not limited to, California Civil Code of
9   Procedure Sections 338 and/or 339 and/or 340(3) and Cal. Bus & Prof. Code § 17208 and/or
10  the two and three year statutes of limitations related to the FLSA because Defendants did not
11  act willfully with respect to any alleged violation of the FLSA or any state statute (i.e.
12  Defendants neither knew nor showed reckless disregard as to whether their conduct was
13  prohibited by the FLSA or any state statute).

14                                **SIXTH AFFIRMATIVE DEFENSE**
15                                   (Unenforceable Statutes)

16         7.    With respect to one or more of the purported causes of action set forth in the
17  Complaint, Defendants allege that the Plaintiffs' causes of action, and each of them, are
18  barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid,
19  void, and/or unenforceable.

20                               **SEVENTH AFFIRMATIVE DEFENSE**
21                                (Collateral Estoppel/ Res Judicata)

22         8.    On information and belief, the claims of Plaintiff and the putative class are
23  barred by the doctrines of Collateral Estoppel and/or Res Judicata to the extent the claims and
24  issues have already been litigated and adjudicated.

25                                **EIGHTH AFFIRMATIVE DEFENSE**
26                                   (Improper Class Action)

27         9.    The second, third, fourth, fifth and sixth causes of action fail to state facts
28  sufficient to meet the requirements of a claim for class relief.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

10.   Plaintiff has waived any right to assert each of the purported causes of action set forth in the Complaint because, inter alia, they have unreasonably delayed asserting these claims after having knowledge of the injuries alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

11.   Each of the purported causes of action set forth in the Complaint is barred by the doctrine of laches because, inter alia, Plaintiff unreasonably delayed asserting these claims after having knowledge of the injuries alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

12.   With respect to each purported cause of action set forth in the Complaint, Plaintiff failed to exhaust available administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

### (Necessity)

13.   With respect to one or more of the purported causes of action set forth in the Complaint, any of the acts alleged to have been performed by Defendants, if performed at all, were performed in accordance with "business necessity" and for legitimate reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

14.   Without admitting that Plaintiff has suffered any injury or damages whatsoever, Defendant alleges and avers that any such injury or damages were caused by Plaintiff's own contributory negligence. Plaintiff's recoverable damages, if any, must be reduced by the percentage of total fault for which Plaintiff is responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

15.     Without admitting that the contract alleged by plaintiff actually existed, Defendant alleges and avers that there was failure of consideration on the part of plaintiff with respect to any contract that actually existed between plaintiff and Defendant, and thus the latter's performance under such contract was excused.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Performance of Contract)

16.     Defendants performed and discharged each and every obligation owed to Plaintiff, if any, except such obligations as Defendant was excused from performing as a result of Plaintiff's conduct and failure to perform obligations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Conditions Precedent)

17.     Defendant avers that Plaintiff failed and/or refused to perform all conditions precedent to any alleged, but contested, oral, written or implied contract of employment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

18.     Because Plaintiff's Complaint is couched in broad and conclusory terms, and Defendants have not completed its investigation and discovery regarding the facts and claims asserted by plaintiffs, Defendant cannot fully anticipate all defenses that may be applicable to the within action.  Accordingly the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendants pray as follows:

(a)     That Plaintiff takes nothing by way of this action;

(b)     That the Complaint be dismissed in its entirety with prejudice;

(c)     That Defendant be awarded its costs incurred in defending against Plaintiff's action, including its attorneys' fees; and,

ANSWER OF DEFENDANT ADT SECURITY SERVICES, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    (d)    For such other and further relief as the Court may deem appropriate.

2

3    DATED: April 2, 2008                    OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.
4

5

6                                            By: _Leslie E. Wallis_
7                                                    Linda Claxton
                                                     Leslie E. Wallis
8                                            Attorneys for Defendant
                                             ADT SECURITY SERVICES, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

## PROOF OF SERVICE

2

3   I, Cecile Acoca, declare:

4   At the time of service I was over 18 years of age and not a party to this action.  My business
    address is Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 633 West Fifth Street, 53rd
5   Floor, Los Angeles, California 90071.

6   On April 2, 2008, I served the following document:

7       **ANSWER OF DEFENDANT ADT SECURITY
        SERVICES, INC. TO PLAINTIFF'S UNVERIFIED**
8       **COMPLAINT**

9

10  I served the document on the persons below, as follows:

11          Orshansky & Yeremian. LLP
            Anthony J. Orshansky
12          David H. Yeremian
            9401 Wilshire Blvd.
13          Suite 900
            Beverly Hills, CA 90212
14

15  The document was served by the following means:

16

17  ☒   **(By United States Mail):**  I enclosed the document in a sealed envelope or
        package addressed to the persons at the addresses listed above.  I placed the
18      envelope for collection and mailing, following our ordinary business practices.
        I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s
19      practice for collecting and processing correspondence for mailing.  On the
        same day that correspondence is placed for collection and mailing, it is
20      deposited in the ordinary course of business with the United States Postal
        Service, in a sealed envelope with postage fully prepaid.

21  ☐   **(By Fax Transmission):**  Based on an agreement of the parties to accept
        service by fax transmission, I faxed the documents to the persons at the fax
22      numbers listed below.  No error was reported by the fax machine that I used.
        A copy of the record of the fax transmission, which I printed out, is attached.
23
        *Fax Number:*
24

25  I declare under penalty of perjury under the laws of the State of California that the foregoing
    is true and correct.
26
    Dated: April 2, 2008
27

    Cecile Acoca                              _Cecile Acoca_
28  Name                                      Signature

6186319_1.DOC

PROOF OF SERVICE

## PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 53rd Floor, Los Angeles, California 90071.

On April 3, 2008, I served the following document(s) described as:

NOTICE OF REMOVAL

on the persons below as follows:

ORSHANSKY & YEREMIAN. LLP
ANTHONY J. ORSHANSKY
DAVID H. YEREMIAN
9401 WILSHIRE BLVD.
SUITE 900
BEVERLY HILLS, CA 90212

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐ deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒ placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 3, 2008, at Los Angeles, California.

Cecile Acoca
Type Name

*Signature*

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I.(a)  PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| John Milford | ADT Security Services |

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Anthony J. Orshansky<br>David H. Yeremian<br>Orshansky & Yeremian, LLP<br>9401 Wilshire Blvd, Suite 900<br>Beverly Hills, CA 90212 | Linda Claxton 125729<br>Leslie Wallis 128435<br>Ogletree, Deakins, Nash, Smoak & Stewart<br>633 West Fifth Street, Suite 5300<br>Los Angeles, CA 90071 |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No       ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1331 (d)(2); 28 U.S.C. §1332 and 1441(a)

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | **FORFEITURE/PENALTY** | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 610 Agriculture | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 620 Other Food & Drug | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 660 Occupational Safety/Health | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY:  Case Number: _____

CV-71 (07/05)          CV08-02236          CIVIL COVER SHEET          Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case?    [x] No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                            ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                            ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                            ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above
                                 in a, b or c also is present.

IX.  VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides.    (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Delaware and Florida

List the California County, or State if other than California, in which EACH claim arose.    (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date _April 3, 2008_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the
filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in
September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue
and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)                              CIVIL COVER SHEET                              Page 2 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM**
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.
(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.
Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X. Attorney or party appearing pro per must sign and date this form.

1            **PROOF OF SERVICE BY UNITED STATES MAIL**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3           I am employed in the County of Los Angeles, State of California; I am over
    the age of 18 years and not a party to this action.  My business address is 633 West
4   Fifth Street, 53rd Floor, Los Angeles, California 90071.

5           On April 3, 2008, I served the following document(s) described as:

6                           CIVIL COVER SHEET
7

8   on the persons below as follows:

9       ORSHANSKY & YEREMIAN. LLP
      ANTHONY J. ORSHANSKY
10     DAVID H. YEREMIAN
      9401 WILSHIRE BLVD.
11     SUITE 900
      BEVERLY HILLS, CA 90212

12          I enclosed the documents in a sealed envelope or package addressed to the
13   persons at the addresses as indicated above and:

14   ☐    deposited the sealed envelope or package with the United States Postal
        Service, with the postage fully prepaid.*

15   ☒    placed the envelope or package for collection and mailing, following our
16       ordinary business practices.  I am readily familiar with this business's practice
        for collecting and processing correspondence for mailing.  On the same day
17       that correspondence is placed for collection and mailing, it is deposited in the
        ordinary course of business with the United State Postal Service, in a sealed
18     envelope or package with postage fully prepaid.

19          I am employed in the county where the mailing occurred.  The envelope or
    package was placed in the mail at Los Angeles, California.

20

21   ☐  (State)    I declare under penalty of perjury under the laws of the State of
                  California that the above is true and correct.

22   ☒  (Federal)  I declare that I am employed in the office of a member of the Bar
23                of this Court at whose direction the service was made.  I declare
                under penalty of perjury under the laws of the United States of
24              America that the above is true and correct.

25       Executed on April 3, 2008, at Los Angeles, California.

26   Cecile Acoca _____       _Cecile Acoca_____
    Type Name                             Signature
27

28   * (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)